UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**EDRICK ROUSE,**

                                        **Plaintiff,**

                        -v-                                  **3:12-CV-1639 (NAM/DEP)**
                                                                           **(Lead Case)**

**DETECTIVE G. MILLER and DETECTIVE FERN,**

                                        **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**EDRICK L. ROUSE,**

                                        **Plaintiff,**

                        -v-                                  **3:12-CV-1640 (NAM/DEP)**
                                                                           **(Member Case)**

**DETECTIVE G. MILLER and DETECTIVE FERN,**

                                        **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Edrick L. Rouse
13-B-0068
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Plaintiff, *pro se*

Office of Frank W. Miller
Frank W. Miller, Esq., of counsel
Bryan N. Georgiady, Esq., of counsel
6575 Kirkville Road
East Syracuse, New York 13057
Attorneys for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Defendants, both detectives with the Chenango County Sheriff's Office, move (3:12-CV-1639, Dkt. No. 22) for summary judgment dismissing these consolidated *pro se* civil rights actions under 42 U.S.C. § 1983 ("section 1983"). Plaintiff Edrick Rouse ("Rouse") asserts claims for Fourth Amendment violations (unreasonable search, unreasonable arrest/imprisonment, malicious prosecution, and, possibly, excessive force) and a Fourteenth Amendment Equal Protection claim of selective enforcement stemming from an incident occurring on March 9, 2012.

On appeal, the New York State Appellate Division, Third Department, affirmed Rouse's criminal conviction stemming from the same incident. *People v. Rouse*, 989 N.Y.S.2d 395 (3d Dep't 2014). Rouse's time to seek review by the New York State Court of Appeals has expired. The Court now addresses defendants' summary judgment motion. As set forth below, the Court grants the motion and dismisses the actions with prejudice.

## BACKGROUND

At around 1:30 p.m. on March 9, 2012, defendants entered a motel room at the Norwich Inn, which was occupied by Rouse and three others, Rodney MacLaury, Eric Carpenter, and Amanda Strozier. Defendants conducted a search, which yielded a bag of crack cocaine. Defendants state that Rouse consented to the search; Rouse denies this. Defendants arrested Rouse and transported him to the Sheriff's Office, where he waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and signed an inculpatory statement.

Detective Miller filed a felony complaint charging Rouse with Criminal Possession of a Controlled Substance, Third Degree in violation of New York Penal Law § 220.16. Later in the afternoon of March 9, 2012, Rouse was arraigned in Norwich Town Court and remanded to

Chenango County Jail.  A grand jury returned an indictment charging Criminal Possession of a Controlled Substance, Third Degree, Fourth Degree, and Fifth Degree.  On September 12, 2012, Judge W. Howard Sullivan, Chenango County Court, conducted a suppression hearing to determine whether the bag of crack cocaine was obtained as a result of unlawful search and seizure, *see Mapp v. Ohio*, 367 U.S. 643 (1961), and whether Rouse's signed inculpatory statement was voluntary.  *See People v. Huntley*, 15 N.Y.2d 72 (1965).  Judge Sullivan ruled that the search and seizure were valid based on Rouse's consent to the search, and that the statement was lawfully obtained following Rouse's knowing, intelligent, and voluntary waiver of his *Miranda* rights.  Therefore, Judge Sullivan held, the drugs and the written statement were admissible in evidence against Rouse.  On October 19, 2012, Rouse pleaded guilty before Judge Sullivan to Criminal Possession of a Controlled Substance, Third Degree.  On January 7, 2013, Judge Frank B. Revoir, Jr., Chenango County Court, sentenced Rouse to a three-and-a-half year determinate term of incarceration followed by three years of post-release supervision.  On July 17, 2014, the Third Department affirmed the conviction.  *People v. Rouse*, 989 N.Y.S.2d 395 (3d Dep't 2014).  Rouse's time within which to seek review by the New York Court of Appeals has expired.

On February 5, 2014, the Court closed the actions administratively, held the summary judgment motion in abeyance, and stayed the actions until such time as Rouse's state court appeal was finally decided.  On October 10, 2014 (Dkt. No. 33), this Court reopened the cases and vacated the stay.  The Court now proceeds to address the motion for summary judgment.

## COMPLAINTS

The complaint (Dkt. No. 1) in the lead action (3:12-CV-1639), is headed "Complaint for

Unlawful Narcotics Arrest." The complaint (Dkt. No. 1) in the member action (3:12-CV-1640) is headed: "Complaint for False Arrest and Illegal Search and Seizure." Both complaints set forth the following allegations[1]:

> On 3-9-2012 (date), Around 1:30pm (time) plaintiff was on the premises of Norwich Motor Lodge, Room # 9.
>
> At that time and place, the defendants conducted an illegal search and seizure and then seized the plaintiff Edrick L. Rouse and placed him under arrest for Criminal Possession of a Controlled Substance in the 3rd Degree.
>
> In the process of placing the plaintiff under arrest and illegally searching the hotel room witch was in someone elses name, The other 3 people that were in the room were not arrested (Amanda Sczozier, Rodney Maclury and Eric Carpenter). Edrick Rouse was the only one detained and charged.
>
> At the same time plaintiff was falsely, publicly, wickedly, and maliciously accused of violating the narcotics laws.
>
> Plaintiff had not in any way violated the narcotics laws.
>
> Although plaintiff protested Edrick L. Rouse his innocence, he was handcuffed, behind his back, and Arraigned and remanded to the Chenango County Jail.
>
> Detectives Fern and Miller had no probable cause to search the hotel room, they came to the door asking about a ford truck that Mr. Rouse knew nothing about and used coercion and threats to obtain consent to do there illegal search and seizure. Detectives also used racial discrimination Stating that Mr. Rouse "is a black male in a white town with no witnesses to what happens".
>
> At no time did the defendants have any reasonable or proper cause to:
> a. Violently seize and arrest plaintiff against his will; or
> b. Falsely or maliciously detain and imprison the plaintiff , or
> c. Compel the plaintiff to submit to a search and examination of a hotel room that was not his, or
> d. Subject the plaintiff to continued difficult and burdensome interrogation.

---

[1] The Court quotes directly from the complaints without noting or correcting errors.

(Paragraph numbering omitted.)  Because the allegations in the complaints in both actions are identical, the Court treats them together for purposes of this decision.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Stated otherwise, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  When deciding a summary judgment motion, the court must "resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion."  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).  Where, as here, the nonmovant is proceeding *pro se*, the court must read that party's papers liberally and interpret them "to raise the strongest arguments that they suggest."  *Id.* (citation omitted).

Read liberally, and interpreted to raise the strongest arguments that they suggest, Rouse's complaints assert Fourth Amendment violations (unreasonable search, false arrest and imprisonment, malicious prosecution, and, possibly, excessive force) and a Fourteenth Amendment Equal Protection claim of selective enforcement.  Defendants contend that they are entitled to summary judgment dismissing all claims in both actions.  The Court agrees.

**Fourth Amendment**

*Unreasonable Search*

Defendants contend that Rouse's Fourth Amendment claim based on an unreasonable search is barred by the doctrine of collateral estoppel.  The doctrine of collateral estoppel, or issue

preclusion, precludes a party from relitigating issues previously decided where "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995) (footnote omitted). Judge Sullivan found that Rouse consented to defendants' search of the hotel room, and this finding was necessary to his holding that the evidence seized was admissible. Rouse, who was represented by counsel at the suppression hearing, had a full and fair opportunity to litigate the question of consent to the search. By virtue of the Third Department's affirmance and the expiration of the time to seek high court review, Judge Sullivan's determination is final. Therefore, collateral estoppel defeats Rouse's claim based on an unreasonable search. It is dismissed with prejudice.

*False Arrest/False Imprisonment*

Under New York and federal law, a plaintiff claiming false arrest or false imprisonment "must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification."[2] *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). The existence of probable cause to arrest constitutes justification and is a complete defense to claims for false arrest and false imprisonment. *See id.* Rouse's conviction for the crime for which he was arrested and detained conclusively establishes that defendants had probable cause to arrest and detain him. *See Johnson v. City of New York*, 551 Fed.Appx. 14, 15 (2d Cir. 2014); *Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986). Therefore, Rouse's claims of false arrest and false imprisonment are dismissed with prejudice.

---

[2] False arrest is "a species of false imprisonment, an action derived from the ancient common-law action of trespass that protects the personal interest of freedom from restraint of movement." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (citation, brackets, and quotation marks omitted).

*Malicious Prosecution*

A malicious prosecution "is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure." *Burt v. Smith*, 181 N.Y. 1, 5 (1905) (quoted in *DiBlasio v. City of New York*, 102 F.3d 654, 657 (2d Cir. 1996)). Thus, a necessary element of a malicious prosecution claim is the termination of the proceeding in favor of the accused. *See Poventud v. City of New York*, 750 F.3d 121, 130 (2d Cir. 2014). In the instant case, Rouse was convicted of the drug charge and, upon appeal, the conviction became final. Therefore, the criminal proceeding did not terminate in his favor, and the malicious prosecution claim lacks merit as a matter of law. It is dismissed with prejudice.

*Excessive Force*

Arguably, Rouse's statement in the complaints that defendants "Violently seize[d] and arrest[ed]" him may be construed as an assertion that he was subjected to excessive force during the arrest. To prevail on a Fourth Amendment excessive force claim, Rouse must show that defendants used an amount of force that was "objectively unreasonable in light of the facts and circumstances confronting them[.]" *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) (citation omitted). There are no allegations in the complaints or plaintiff's other submissions that would permit a rational factfinder to conclude that defendants used excessive force. Any such claim is dismissed with prejudice.

**Selective Enforcement**

As the Second Circuit explains:

> The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all persons similarly situated should be treated alike. We have recognized a selective enforcement claim where a plaintiff proves that (1) the plaintiff, compared with others similarly situated, was selectively treated; and

> (2) that such selective treatment was based on impermissible considerations
> such as race, religion, intent to inhibit or punish the exercise of constitutional
> rights, or malicious or bad faith intent to injure a person.

*Brown v. City of Syracuse*, 673 F.3d 141, 151-52 (2d Cir. 2012) (citations, brackets, and quotation marks omitted). Rouse claims that defendants' conduct in arresting him, a black man, and failing to arrest the other three occupants of the room, all white, demonstrates that defendants selectively enforced the law against him based on the impermissible consideration of race.

To make out a selective enforcement claim, Rouse must show that he and the other three occupants of the room were similarly situated. The undisputed facts demonstrate that they were not. On this motion, Rouse does not dispute that defendants "were familiar with Rodney [MacLaury], Eric [Carpenter], and Amanda [Strozier], and recognized all three individuals as local Norwich area residents." It is further undisputed that Rouse is not a Norwich area resident. As defendant Miller stated regarding the decision to bring Rouse to the Chenango County Sheriff's Office directly from the motel: "The other three individuals were all locals. We knew where to find them. Mr. Rouse was not."[3] Moreover, Rouse does not dispute the following evidence from defendants: that prior to approaching the motel room door, defendants observed two vehicles in the parking lot; that one, a blue truck, was associated with MacLaury, a known person in the Chenango County drug world; that a license plate check confirmed that MacLaury owned the truck; that the other vehicle, a white SUV, was associated with an out-of-town drug dealer; and that, on entering the room, the defendants recognized the other three people but not Rouse. Thus, defendants had a reasonable concern that, if not arrested, Rouse would leave the

---

[3] Indeed, as defendants point out, official records of the Chenango County Sheriff establish that, within two weeks, MacLaury and Carpenter, the other two males in the room, were charged in Norwich Town Court with related crimes.

area.  This distinction between Rouse and the others defeats Rouse's selective enforcement claim as a matter of law.  No reasonable finder of fact could conclude that Rouse was similarly situated to the other people in the room.  Thus, the cause of action is dismissed with prejudice.

## CONCLUSION

It is therefore

ORDERED that defendants' motion (3:12-CV-1639, Dkt. No. 22) for summary judgment is granted; and it is further

ORDERED that both the lead case, 3:12-CV-1639, and the member case, 3:12-CV-1640, are dismissed with prejudice.

IT IS SO ORDERED.

Date:   October 20, 2014
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge